**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | :: | |
| | :: | |
| | :: | CRIMINAL INDICTMENT NO. |
| v. | :: | 1:19-CR-00077-LMM-RGV |
| | :: | |
| | :: | |
| FREDRICO PACHECO-ROMERO, | :: | |
| *et al.* | :: | |

**<u>MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER</u>**

The indictment in this case was returned on February 26, 2019, [Doc. 41],[1] and the Court initially scheduled the pretrial conference for March 26, 2019, [Doc. 71], following the arraignment of defendants on March 6, 2019, [Docs. 64, 65, 66, 67, 68, & 69]. The Court subsequently granted five extensions of time to file pretrial motions, [Docs. 77, 108, 126, 148 & 169], and in the order granting the final extension, set a deadline of July 26, 2019, for pretrial motions to be filed, adding that no further extensions of time would be granted absent extraordinary

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

circumstances, [Doc. 169 at 1], and the pretrial conference was held on July 30, 2019, [Doc. 181].

Defendants Fredrico Pacheco-Romero ("Pacheco-Romero"), Eduardo Lopez ("Lopez"), and Carlos Martinez ("Martinez"), collectively referred to as "defendants," each filed motions to suppress wiretaps and geo-location evidence, see [Docs. 175, 179 & 180];[2] however, the defendants did not establish standing to challenge the wiretaps and geo-location data in their motions as Pacheco-Romero and Lopez made only conclusory assertions of standing without any evidentiary support, see [Doc. 175 at 10; Doc. 179 at 1],[3] while Martinez did not even mention standing in his motion, see [Doc. 180]; see also United States v.

---

[2] These defendants also preliminarily moved to suppress any post-arrest statements they may have made to law enforcement that the government seeks to use against them at trial. See [Doc. 175 at 20; Doc. 179 at 3; Doc. 180 at 1]. However, the prosecutor stated at the pretrial conference that none of the defendants made any statements to law enforcement, so the preliminary motions to suppress statements are moot.

[3] Counsel for Pacheco-Romero conceded at the pretrial conference that the motion did not establish standing for the target telephones challenged but asked for an opportunity to amend the motion to establish standing. Counsel for Lopez likewise requested the opportunity to perfect the motion by submitting an affidavit from Lopez to establish standing. Counsel for Martinez did not attend the pretrial conference.

Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (citations omitted) ("A motion to suppress must in every critical respect be sufficiently definite, specific, detailed and nonconjectural to enable the court to conclude that a substantial claim is presented"). Therefore, at the pretrial conference, the Court inquired as to whether the defendants could establish standing, and after counsel present proffered they could do so and requested an opportunity to perfect their motions by submitting affidavits from the defendants, the Court granted all three defendants an extension of time until August 2, 2019, to perfect their respective motions to suppress to establish standing by affidavit or other evidence.[4] [Doc. 181]. The Court cautioned that if defendants failed to perfect these motions by the extended deadline, the motions would be deemed to have been abandoned. [Id.].

Defendants have not perfected their motions, so they are deemed to have abandoned them. See United States v. Rodriguez–Alejandro, 664 F. Supp. 2d 1320, 1327 n.3 (N.D. Ga. 2009), adopted at 1325 ("Defendant has not perfected the

---

[4] Lopez and Martinez filed perfunctory motions and attempted to incorporate by reference the motion filed by Pacheco-Romero, [Doc. 179 at 3; Doc. 180 at 1-2], but they did not comply with the procedure in the Local Rules for adopting a co-defendant's motion, see LCrR 12.1(C), NDGa., so the Court also provided them the opportunity to perfect their motions in this respect.

3

motion [to suppress], and it is deemed abandoned and withdrawn."); see also [Doc. 71 at 15 ("When a party fails to supplement or perfect a motion within the time afforded after having requested or been given an opportunity to supplement or perfect said motion, the Court may deem the original motion abandoned or withdrawn.")]. Moreover, the motions to suppress are due to be denied because defendants have not satisfied their preliminary burden to establish standing. See United States v. Chaidez-Ontiveros, Criminal Case No. 1:11-CR-0264-AT-JFK, 2011 WL 7574634, at *6 (N.D. Ga. Oct. 25, 2011), adopted by 2012 WL 984269, at *1 (N.D. Ga. Mar. 21, 2012) (citations omitted) ("[A] defendant cannot rely on the Government's position, contention or theory to establish standing and must instead prove his expectation of privacy as to a particular search, including, that he is an 'aggrieved person' under the [Federal Wiretap] Act."); United States v. Velazco, Criminal Action No. 1:07-CR-412-CAP-GGB, 2008 WL 11383808, at *3 (N.D. Ga. Oct. 8, 2008), adopted by 2008 WL 11383807, at *1 (N.D. Ga. Nov. 14, 2008) (finding defendants did not satisfy their burden of establishing standing where they failed to direct the Court to any evidence which establishes standing in the face of the government's challenge); United States v. Flores, No. 1:05-cr-558-WSD-JFK, 2007 WL 2904109 at *2 (N.D. Ga. Sept. 27, 2007) (finding that defendants "failed substantially to show standing to challenge the wiretaps").

Therefore, it is **RECOMMENDED** that the pending motions to suppress, [Docs. 175, 179 & 180], be **DENIED**.

There are no other pending motions before the Magistrate Judge,[5] and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial as to all defendants.

**IT IS SO ORDERED** and **RECOMMENDED**, this 7th day of August, 2019.

*Russell G. Vineyard*
_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[5] Defendant Santana Cardenas also filed pretrial motions, [Docs. 176, 177 & 178], that were disposed of at the pretrial conference, see [Doc. 181]. Counsel for defendants Jorge Mendoza-Perez and Victor Manuel Sanchez reported that no pretrial motions would be filed, that there was no need for a pretrial conference, and that there are no problems relating to the scheduling of the trial.